

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 1 2 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| SHERYLIN WILLI, SANGEETA PRABHAKAR and MERRI WILSON | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:05-CV-0276-M |
| AMERICAN AIRLINES, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Transfer Venue of Defendant American Airlines ("AA"), seeking a transfer of this case to the Fort Worth Division of this Court. Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district or division where it might have been brought "[f]or the convenience of the parties and witnesses, in the interest of justice." This Court has broad discretion in determining whether to grant Defendant's Motion under § 1404(a). *Weber v. Coney*, 642 F.2d 91, 93 (5th Cir. 1981), *citing Bearden v. United States*, 320 F.2d 99, 101 (5th Cir. 1963). For the following reasons, the Court is of the opinion that Defendant's Motion should be GRANTED.

Plaintiffs filed suit in Texas state court on January 5, 2005, alleging that their employer violated the Americans with Disabilities Act, the Family and Medical Leave Act, and state law. One month later, Defendant removed the case to this Court. Plaintiffs oppose Defendant's Motion, arguing that they are entitled to prosecute their claims in the Dallas Division.

Plaintiffs' choice of forum is one of the relevant factors in the Court's analysis of a Motion to Transfer Venue, though it is not a decisive one. *See In Re Horseshoe Entertainment*,

1

337 F.3d 429, 434 (5th Cir. 2003), *citing Garner v. Wolfinbarger*, 433 F.2d 117, 119 (5th Cir. 1970) ("We believe that it is clear under Fifth Circuit precedent that the plaintiff's choice of forum is clearly a factor to be considered but in and of itself it is neither conclusive nor determinative."). Other factors include the convenience of the parties and material witnesses, the availability of process to compel the presence of unwilling witnesses, the cost of obtaining the presence of witnesses, the comparative ease of access to evidence, calendar congestion, where the events at issue occurred, and the interests of justice generally. *Salinas v. O'Reilly Automotive*, 358 F. Supp.2d 569, 570-71 (N.D. Tex. 2005), *citing Southwest Sec. Bank v. Southwest Bank*, 2004 WL 2983058, at *1 (N.D. Tex. Dec. 23, 2004). *See also In Re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The Court finds that the relevant factors among these considerations outweigh Plaintiffs' interest in proceeding in their chosen forum.

The Fifth Circuit has held that the Court's threshold determination in considering a Motion to Transfer Venue must be "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In Re Volkswagen AG*, 371 F.3d at 203. Here, the alleged unlawful employment practice at issue occurred in, and Defendant's principal place of business is located in, Tarrant County. It is undisputed that this suit could have been properly brought in the Fort Worth Division.

With respect to the remaining factors, the convenience of non-party witnesses is the Court's paramount concern. *Salinas*, 358 F. Supp.2d at 572. The individuals identified by the Plaintiffs in their original Petition as persons with information relevant to this suit, including Plaintiffs' supervisors and the manager of clinical services in American Airlines' medical department, all reside in Tarrant County, and most work in Tarrant County. (Decl. of Glenn Goodwin, Michael Russo, Thomas Bettes, Celeste Simon, and Mitchell Dennison, Defendant's

2

App. at 1-40). Moreover, the evidence before the Court reveals that twenty-five of the twenty-eight individuals identified by Defendant as likely to have discoverable information relevant to the suit live and work in Tarrant County, while only two live in Dallas County. All work in Tarrant County. As the moving party, Defendant ordinarily bears the burden of outlining the nature of the testimony of each witness who would be inconvenienced by the case remaining in the Dallas Division. *Salinas*, 358 F. Supp.2d at 572. However, given that every potential non-party witness identified by the Plaintiffs is a resident of the Fort Worth Division, that the witnesses described by Defendant clearly have some knowledge related to the claims at issue, and that all have a connection to the Fort Worth Division while only three have a Dallas Division connection, the evidence plainly confirms that the Fort Worth Division is more convenient for the non-party witnesses. *Compare with Southwest Sec. Bank v. Southwest Bank*, 2004 WL 2983058, at *3-4 (N.D. Tex. Dec. 23, 2004) (Lynn, J.) (denied defendant's motion to transfer venue to the Fort Worth Division, in part because plaintiff had identified thirteen material witnesses who were located in the Dallas Division).

Aside from Plaintiffs' preference to prosecute their claims in the Dallas Division, the other factors considered by the Court are neutral or weigh in favor of transfer to the Fort Worth Division. It appears that a transfer would not inconvenience the parties, since Defendant is a resident of the Fort Worth Division, two of the three Plaintiffs, Prabhakar and Willi, still work at AA in the Fort Worth Division, and the third Plaintiff, Wilson, resides in the Fort Worth Division. *Cf. Gurley v. American Airlines, Inc.*, Order Granting Defendant American Airlines' Motion to Transfer Venue to the Fort Worth Division, Civil Action No. 3:04-C-1488-L at 4 (N.D. Tex. Dec. 23, 2004) (finding that because both parties resided in Tarrant County, the factor of the convenience of the parties weighed in favor of transfer). Additionally, all of Defendant's

personnel and medical records are located in the Fort Worth Division. *See In Re Horseshoe Entertainment*, 337 F.3d at 434 ("Where relevant employment records are maintained and administered is expressly stated as a venue factor in [42 U.S.C. § 2000e-5(f)(3)] and should be weighed by a District Court in evaluating the 'interest of justice' aspect of the motion to transfer."). Finally, the parties appear to agree that availability of process to compel unwilling witnesses, the costs of obtaining witnesses, and calendar congestion are irrelevant considerations in this case.

Plaintiffs' arguments in opposition to Defendant's Motion are unpersuasive. Plaintiffs contend that transferring the case to the Fort Worth Division would cause them inconvenience because counsel for Plaintiffs and Defendant are both located in Dallas County, and discovery is likely to be conducted in counsel's offices. This Court does not consider the location of counsel as a factor. *See Id.* ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue."). Next, Plaintiffs argue that a transfer would cause a material delay in adjudicating their claims, but they do not produce any evidence or reasons to support that assertion. Finally, Plaintiffs fear a trial in Fort Worth would prejudice them by increasing the likelihood that their venire panel would include employees of American Airlines. However, even if Plaintiffs' unsubstantiated concern that more AA employees live in the Fort Worth Division than the Dallas Division is valid, Plaintiffs offer no explanation why Federal Rule of Civil Procedure 47 would provide insufficient protection from jurors who may have an improper bias in favor of either party. *See generally, Cimino v. Raymark Industries, Inc.*, 151 F.3d 297, 323 (5th Cir. 1998).

Since this suit might have been brought in the Fort Worth Division, and evidence indicates that, on balance, the Fort Worth Division is more convenient for the parties and

4

witnesses, the Court finds a transfer to be in the interest of justice. Admittedly, the roughly thirty miles from Dallas to Fort Worth is not vast, but the convenience of Fort Worth to virtually all of those who have relevant information about the case is a significant factor, which the Court finds compelling. Therefore, Defendant's Motion to Transfer Venue to the Fort Worth Division of the United States District Court for the Northern District of Texas is GRANTED.

**SO ORDERED.**

**DATED:** July _12_, 2005.

BARBARA M.G. LYNN
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

5

# CASE CLOSED

**CASE NUMBER:**  3:05-cv-0276-M

**DATE:**  07.12.05

**TRIAL:  YES** _____  **NO** X